JS6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01555-DOC-KESx                     Date:  July 16, 2024

Title: AGUSTIN MANZO V. NORDSTROM, INC. ET AL

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

Karlen Dubon                                   Not Present
Courtroom Clerk                            Court Reporter

ATTORNEYS PRESENT FOR                ATTORNEYS PRESENT FOR
PLAINTIFF:                                     DEFENDANT:
None Present                                   None Present

PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING CASE TO
                                              STATE COURT SUA SPONTE

On the Court's own motion, the Court hereby REMANDS this case to the Superior Court of California, County of Orange.

**I.      Background**

Plaintiff Agustin Manzo began working for Defendant Nordstrom, Inc. in December 2021. Complaint ("Compl.") (Dkt. 4-2) ¶ 11. A few months later, on February 16, 2022, Plaintiff's doctor diagnosed Plaintiff with swollen knees, which Plaintiff believed was caused by his work in Defendant's restaurant. *Id.* ¶ 13. The physician gave Plaintiff the work restrictions of no pushing, pulling, or lifting greater than forty-five pounds, and no overhead reaching for one week. *Id.* ¶ 14. The following day at work, Plaintiff gave a copy of his doctor's note to this manager. *Id.* ¶ 15. Two days later, Plaintiff was scheduled to close the restaurant by himself. *Id.* ¶ 16. Plaintiff informed his manager that he could not close the restaurant by himself as it would violate his doctor's orders. *Id.* The manager ignored his complaint. *Id.* ¶ 18. For the next few weeks, Plaintiff was only scheduled to work around three to four hours a day instead of his usual eight to nine. *Id.* Plaintiff complained to his manager that he was being treated unfairly. His manager told him they did not "have any more work for [him]." *Id.* ¶ 19. Plaintiff was terminated. *Id.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01555-DOC-KESx                                    Date: July 16, 2024

                                                                                    Page 2

Plaintiff received notice of the right to sue from the Civil Rights Department. *Id.* ¶ 31. Plaintiff sued Defendant in Orange County Superior Court, alleging discrimination based on disability, failure to provide reasonable accommodations, retaliation, failure to engage in interactive process, failure to prevent discrimination and retaliation, and wrongful termination in violation of public policy in violation of the Fair Employment and Housing Act (FEHA), the Labor Code, and the Family Rights Act. *See generally id.* Defendant removed the case to this Court on July 12, 2024, asserting that this Court has diversity jurisdiction. Notice of Removal ("Notice" or "Not.") (Dkt. 1) ¶ 8.

## II.     Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed against removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

For purposes of calculating the amount in controversy, the district court has discretion in whether to consider a plaintiff's potential punitive damages and potential award of attorneys' fees. *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (punitive damages); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) (attorneys' fees). Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01555-DOC-KESx                           Date: July 16, 2024

Page 3

threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* A plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); Crum v. Circus Enters., 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus v. Miles, Inc.*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount less than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and prove the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id.* Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01555-DOC-KESx                        Date: July 16, 2024

                                                                  Page 4

raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, id., or remand pursuant to 28 U.S.C. § 1447(c). A Court may raise the question of subject matter jurisdiction sua sponte. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

**III.     Discussion**

Defendant argues that the Court has diversity jurisdiction in this case because diversity of citizenship exists and the amount in controversy exceeds $75,000. Not. ¶ 8. The Court disagrees.

Defendant has not met its burden to show that the amount in controversy requirement is satisfied to establish diversity jurisdiction. The Court considers lost wages in the period from termination until removal. Here, the amount in controversy is not facially apparent from the complaint itself and Defendant does not provide any monetary estimate as to the value of the claims. Not. ¶ 10; *see generally* FAC. Defendant attempts to establish that the amount in controversy exceeds the $75,000 threshold by citing Plaintiff's multiple causes of action, but its argument is purely speculative. *See* Not. ¶ 10. Plaintiff seeks judgment against Defendant an amount for: special damages; compensatory general and special damages; punitive, treble, and liquidated damages; waiting time penalties; attorney's fees and costs; prejudgment and post-judgment interest; and costs of suit. Compl. ¶¶ 1-8. Defendant asks the Court to include these costs to reach the jurisdictional threshold. Not. ¶ 10.

This Court, however, does not include these types of speculative damages or civil penalties when calculating the amount in controversy. *See Traxler v. Multnomah Cnty.*, 596 F.3d 1007, 1011 (9th Cir. 2010) (recognizing that front pay is speculative); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Because Defendant has not satisfied their burden to show that more than $75,000 is at issue in this case, the Court lacks diversity jurisdiction.

The Court's decision not to include speculative awards in the amount in controversy is reinforced by the fact that Congress has not raised the amount in controversy since 1996—nearly three decades ago. *See* The Federal Courts Improvement Act of 1996, 110 Stat. 3850. Since then, the inflation rate is nearly 100% (i.e., prices have

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01555-DOC-KESx                    Date: July 16, 2024

Page 5

almost doubled). Thus, adjusted for inflation, the amount in controversy should be around $150,000. Stated conversely, a case worth $75,000 in 1996 is worth only $37,500 in today's dollars. Because inflation has plainly decreased the "real" value of the amount in controversy, more and more cases are able to meet the jurisdictional threshold and can be brought in federal court. As federal diversity jurisdiction expands, state court jurisdiction to decide purely state law issues and develop state law correspondingly decreases. Thus, the federal jurisdictional creep is incompatible with the most basic principles of federalism.

Federalism is not the only loser in Congress's failure to increase the amount in controversy. When a case is improperly removed, as happened here, ultimate resolution is delayed. Moreover, if a court does not immediately remand a case sua sponte, a plaintiff may move to remand. Because cases subject to motion to remand are typically small dollar cases, this increased motion work can quickly cause attorneys' fees to outrun any potential recovery and places an immense burden on a plaintiff's lawyer working on contingency. In this respect, the current low jurisdictional threshold reduces access to justice. Therefore, the Court respectfully encourages Congress to reconsider the amount in controversy minimum.

## IV.    Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of California, County of Orange.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                    Initials of Deputy Clerk: kdu

CIVIL-GEN